Gary W. MILNER et ux *v.* Gid R. BRANSCUM et ux

86-200                                        725 S.W.2d 573

Supreme Court of Arkansas
Opinion delivered March 16, 1987

*Vaughan & Bamburg*, by: *Keith Vaughan*, for appellants.

*Tom Tanner*, for appellees.

DARRELL HICKMAN, Justice. This case began as an action to quiet title, foreclose a mortgage, and for a judgment on the note and damages. The appellees counterclaimed to declare the note and mortgage void. The chancellor erroneously granted summary judgment to the appellees.

The appellants sold the property to the appellees, who assumed a first mortgage to Union National Bank of Little Rock and executed a second mortgage to the appellants. The appellees then sold the property to Edward and Celia Kaleta, who assumed the first and second mortgages and executed a third mortgage to the appellees. The Kaletas defaulted on all notes. The appellants paid the past due balance on the first mortgage and obtained a deed from the Kaletas. The appellants then filed suit against the appellees for back payments made on the first mortgage and for foreclosure of the second mortgage. The appellees moved for summary judgment on the basis of the doctrine of merger and alleged no material dispute of facts. The appellants countered that merger was not intended and summary judgment should be denied. The trial court granted the motion on June 2, 1986. The appellants had asked for additional time to present counter affidavits which the court denied. An affidavit by Gary Milner, one of the appellants, who was in Germany in the armed forces, arrived the day after summary judgment was granted. The court denied the appellants' motion for reconsideration of the summary judgment.

We find the trial judge abused his discretion in denying a request for time to file a counter affidavit. The motion for summary judgment was filed May 5, 1986. A hearing on that motion was set by the appellees' attorney for May 22, 1986. Summary judgment was granted June 2, 1986, and filed June 5. Milner's affidavit was prepared in Germany on May 15, 1986, but did not arrive until June 3, 1986. This affidavit contradicted statements made in affidavits filed by the appellees. The appellants filed a response on May 21, 1986, without the affidavit being

attached. The trial court should have granted a delay or reconsidered his ruling. The appellants have shown prejudice and an abuse of discretion by the trial judge.

Reversed and remanded.